IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KATHRYN BERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:21-cv-2830 |
| | ) | |
| AMBRE BLENDS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff, Kathryn Berg, for her Complaint against Defendant, Ambre Blends, LLC ("Ambre Blends"), states the following:

**I. Parties**

1. Plaintiff is a resident of Indianapolis, Indiana.

2. Defendant is a limited liability company located in Indianapolis, Indiana.

**II. Jurisdiction and Venue**

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights pursuant to the Title VII.

4. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

5. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Defendant doing business in this District.

### III. Factual Allegations

6. Plaintiff is a woman.

7. Plaintiff was an employee of the Defendant.

8. Plaintiff worked as an executive assistant for Defendant.

9. Plaintiff began working as an executive assistant for Defendant in August 2018.

10. Plaintiff's supervisor, Steph Harris, told Plaintiff shortly after she began her employment – "Don't get pregnant within the next two years."

11. In November 2019, Plaintiff informed her supervisor, Ms. Harris, and the co-owner of Defendant, Ambre Crockett, that she was pregnant.

12. Defendant agreed to provide Plaintiff with maternity leave in exchange for commitment to return to work at her full-time position following the pregnancy.

13. On June 10, 2020, Plaintiff gave birth to her child.

14. On June 10, 2020, Plaintiff began her maternity leave.

15. Upon information and belief, as of June 10, 2020, Defendant had 15 or more employees.

16. On July 23, 2020, Plaintiff met with Ms. Harris regarding her return from maternity leave to her full-time position.

17. Upon information and belief, as of July 23, 2020, Defendant had 15 or more employees.

18. At the July 23, 2020 meeting, Ms. Harris informed Plaintiff that there was an option to return on a part-time basis.

19. Plaintiff informed Ms. Harris that this would probably not work financially for her, but she would consider any materials that Defendant had to consider the option.

20. Several days after the July 23, 2020 meeting, Ms. Harris called Plaintiff to follow-up on the part-time option.

21. Also during this follow-up phone conversation, Ms. Harris raised concerns about Plaintiff's child care issues with two children.

22. Also during this follow-up phone conversation, Ms. Harris raised concerns about the limited number of sick days that Plaintiff had to deal with sick children.

23. Once again, Plaintiff stated that she to Ms. Harris that she did not believe that part-time was financially feasible for her.

24. Plaintiff stated to Ms. Harris that she intended to come back to work as previously agreed between Plaintiff and Defendant.

25. Plaintiff also called Ms. Crockett and informed her that retuning as a part-time employees was not financially feasible.

26. On August 7, 2020, Plaintiff then received a text message from Ms. Harris asking her "which part-time option she would be taking."

27. Also on August 7, 2020, for the first time, Ms. Harris sent Plaintiff the part-time options via email. The part-time options were for Plaintiff to either work 15 or 20 hours per week, with a pay rate of $21.00 per hour.

28. Plaintiff promptly responded via email and advised Ms. Harris that she would not be accepting these options and she would be returning to work full-time as Plaintiff and Defendant had previously agreed.

29. Plaintiff also promptly called Ms. Crockett and advised her via telephone of her intent to return to her position at Ambre Blends full-time as previously agreed by Plaintiff and Defendant.

30. Shortly thereafter, Plaintiff had a meeting with Steph Harris and Ambre Crockett. During that meeting, Ms. Crockett brought up concerns about the schooling and welfare of Plaintiff's children.

31. At the conclusion of the meeting, Ms. Crockett advised Plaintiff that her only option was to return to work on a part-time basis in August of 2020 on a probationary period, and then Ambre Blends would re-evaluate in January of 2021 and consider returning her to full-time employment if they deemed it appropriate.

32. On August 12, 2020, Adam Crockett, Director of Operations, then sent Plaintiff an email officially advising her of this option in writing.

33. Prior to going on pregnancy leave, Plaintiff was making $50,000.00 per year.

34. Accepting one of the options present by Defendant to Plaintiff would result in Plaintiff making approximately $30,000-$35,000 less per year.

35. In order to concentrate her efforts on finding a new, full-time, replacement job, Plaintiff was forced to decline and quit her employment with Defendant.

36. Demoting a woman for being pregnant and having a child constitutes discrimination in violation of the Pregnancy Discrimination Act.

37. Demoting a woman for being pregnant and having a child constitutes retaliation in violation of the Pregnancy Discrimination Act.

38. Demoting a woman for being pregnant and having a child constitutes sex discrimination in violation of Title VII.

39. Demoting a woman for being pregnant and having a child constitutes retaliation due to her sex in violation of Title VII.

40. Plaintiff was constructively discharged by Defendant.

41. Constructively discharging a woman for being pregnant and having a child constitutes discrimination in violation of the Pregnancy Discrimination Act.

42. Constructively discharging a woman for being pregnant and having a child constitutes retaliation in violation of the Pregnancy Discrimination Act.

43. Constructively discharging a woman for being pregnant and having a child constitutes sex discrimination in violation of Title VII.

44. Constructively discharging a woman for being pregnant and having a child constitutes retaliation due to her sex in violation of Title VII.

45. On February 2, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination, retaliation and wrongful termination in violation of the Pregnancy Discrimination Act and Title VII.

46. On August 13, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff and her counsel.

**Count I**
**Violations of Title VII**

47. Plaintiff incorporates paragraphs 1 through 46 by reference herein.

48. Plaintiff was discriminated against by Defendant in violation of Title VII due to her taking pregnancy leave.

49. Plaintiff was discriminated against by Defendant in violation of Title VII due to her having a child.

50. Plaintiff was retaliated against by Defendant in violation of Title VII due to her taking pregnancy leave.

51. Plaintiff was retaliated against by Defendant in violation of Title VII due to her having a child.

52. Plaintiff was constructively discharged by Defendant in violation of Title VII due to her taking pregnancy leave.

53. Plaintiff was constructively discharged by Defendant in violation of Title VII due to her having a child.

54. Plaintiff has been damaged by Defendant's conduct in violation of Title VII.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back and front pay with interest as permitted by Title VII.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
## Pregnancy Discrimination Act

55. Plaintiff incorporates paragraphs 1 through 54 by reference herein.

56. Plaintiff was discriminated against by Defendant in violation of the Pregnancy Discrimination Act due to her taking pregnancy leave.

57. Plaintiff was discriminated against by Defendant in violation of the Pregnancy Discrimination Act due to her having a child.

58. Plaintiff was retaliated against by Defendant in violation of the Pregnancy Discrimination Act due to her taking pregnancy leave.

59. Plaintiff was retaliated against by Defendant in violation of the Pregnancy Discrimination Act due to her having a child.

60. Plaintiff was constructively discharged by Defendant in violation of the Pregnancy Discrimination Act due to her taking pregnancy leave.

61. Plaintiff was constructively discharged by Defendant in violation of the Pregnancy Discrimination Act due to her having a child.

62. Plaintiff has been damaged by Defendant's conduct in violation of the Pregnancy Discrimination Act.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back and front pay with interest as permitted by the Pregnancy Discrimination Act.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count III
## Breach of Oral Contract

63. Plaintiff incorporates paragraphs 1 through 62 by reference herein.

64. Defendant required Plaintiff to commit to returning to work full-time following the birth of her child in order to be given pregnancy leave.

65. Plaintiff made the commitment to return to work following the birth of her child.

66. Despite the oral agreement of the parties, Defendant refused to return Plaintiff to work full-time as previously agreed by the parties.

67. Defendant has breached its contract with Plaintiff by failing to return her to full-time work following her pregnancy leave.

68. As a result of Defendant's breach of contract, Plaintiff was constructively discharged.

69. Plaintiff has been damaged by Defendant's breach of contract.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back and front pay with interest as permitted by contract law.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count IV
## Promissory Estoppel

70. Plaintiff incorporates paragraphs 1 through 69 by reference herein.

71. Defendant made Plaintiff commit to return to work following the birth of her child.

72. Plaintiff made the commitment to return to work following the birth of her child.

73. Defendant promised to permit Plaintiff to return to work full-time following her pregnancy leave.

74. Despite the promise of Defendant, Defendant refused to return Plaintiff to work full-time as previously agreed by the parties.

75. Plaintiff relied upon the promise of Defendant and did not look for a new job upon leaving work for pregnancy leave.

76. Defendant is estopped from breaching its promise to Plaintiff.

77. Plaintiff has been damaged by Defendant's breach of its promise.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back and front pay with interest as permitted by common law.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV.  Jury Demand

78. Plaintiff incorporates paragraphs 1 through 77 by reference herein.

79. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Kathryn Berg

Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317)842-6600
E-mail: rweldy@weldylegal.com